UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>QUI-HONG SUN,<br><br>　　　　　　　Defendant. | No. CR 02-0197P<br>No. CR 02-445P<br><br>ORDER ON UNITED STATES'<br>MOTION FOR<br>RECONSIDERATION AND<br>DEFENDANT QUI HONG SUN'S<br>MOTION TO STRIKE |

This matter comes before the Court on the United States' Motion for Reconsideration of this Court's Order on Ms. Sun's Motion for a Writ of Coram Nobis (Dkt. Nos. 125 and 51) and on Defendant Qui Hong Sun's Motion to Strike. (Dkt. No. 131). The Court DENIES the United States' Motion for Reconsideration. The government failed to make its arguments during the original round of briefing and reconsideration is properly denied for this reason. Even if the government is correct that this claim is more properly brought under 28 U.S.C. §2255, it waived its opportunity to assert the affirmative defense of a one year statute of limitations, which is not a jurisdictional issue. Additionally, had the Government raised this defense, Ms. Sun's petition for a writ could be construed as an amended petition for a writ of habeas corpus under 28 U.S.C. §2255 that relates back to her letters to this Court of February 24, 2003, and April 20, 2003. The Court would have reached the same results on the merits of the habeas petition that it reached on the coram nobis inquiry. The Court also GRANTS Ms. Sun's Motion to Strike the Government's untimely Reply in support of its Motion for Reconsideration.

ORDER ON THE GOVERNMENT'S
MOTION FOR RECONSIDERATION– 1

BACKGROUND

The facts of this case are set forth more substantially in the Court's original Order on Ms. Sun's Motion for a Writ of Coram Nobis. Accordingly, the Court only sets forth here the facts needed to address the Motion for Reconsideration. On December 27, 2005, the Court issued an Order Granting Defendant Qui Hong Sun's Motion for a Writ of Coram Nobis. In the underlying criminal cases giving rise to this matter, Ms. Sun pled guilty to bank fraud and passport fraud. When she made these pleas, Ms. Sun alleges that she did not receive effective assistance of counsel because she was not made aware of the fact that convictions of this nature would make her automatically deportable. Because Ms. Sun is claiming asylum from China for her adherence to Falun Gong, this is a critical issue and her confusion was evidenced by letters she wrote to the Court soon following her sentencing on February 7, 2003.

The Government now claims that the Court granted the Writ in error because Ms. Sun is still "in custody" pursuant to the Court's order that she serve five years of supervised release upon her release from the Bureau of Prisons. Although Ms. Sun is currently confined at the Federal Detention Center, her detention by ICE is considered to be civil detention. The government conceded in the first round of briefing on the Writ of Coram Nobis that Ms. Sun was out of the Bureau of Prisons' custody and habeas relief was, therefore, unavailable to her. The government now claims that this concession was a mistake. Its argument is that because Ms. Sun is technically on supervised release, she is in the custody of the Bureau of Prisons for habeas purposes. Thus, coram nobis relief is unavailable to her because there is a "more usual" remedy available to her–28 U.S.C. §2255. Nonetheless, the government alleges that relief under §2255 is now unavailable to Ms. Sun because she missed the one year statutory limitation for filing for relief under AEDPA. 28 U.S.C. §2255. The government claims that this mistake constitutes "manifest error" on the part of the Court because it deprives the Court of jurisdiction over Ms. Sun's case. Ms. Sun notes that motions for reconsideration are disfavored, argues that her immigration detention tolls the beginning of her period

of supervised release, and claims that the government waived its defense under §2255 that her claim is time-barred.

ANALYSIS

**I. Can the Government Properly Move for Reconsideration?  Is the Court Deprived of Jurisdiction?**

Under this Court's local rules, motions for reconsideration are disfavored.  Local Rules CrR 12.  This approach is consistent with the treatment of motions for reconsideration by the Ninth Circuit.  Kona Enterprises, Inc. v. Bishop, 229 F. 3d 877, 890 (9th Cir. 2000).  Normally, motions for reconsideration should not be granted unless the party bringing the motion can demonstrate that it is presenting the Court with newly discovered evidence, that there is "manifest error" on the part of the Court, or that the law has changed.  Id.  Here, the United States is claiming that this Court's order granting the writ of coram nobis is clear error because the Court does not have jurisdiction over these types of proceedings once a Defendant has failed to file a writ of habeas corpus within the one year deadline set by 28 U.S.C. §2255.  The Government makes this claim despite the fact that there is no language in the habeas statute making the one year deadline a jurisdictional requirement, nor does the Government cite case law supporting this proposition.

The Ninth Circuit has held that the statute of limitations language added to the habeas statutes by AEDPA is not jurisdictional.  Calderon (Beeler) v. U.S. District Court for the Central District of California, 128 F. 3d 1283, 1288 (9th Cir. 1997) (holding that the language in 28 U.S.C. §2254 regarding a one year "period of limitation" did not "speak in jurisdictional terms."  Overruled on other grounds).  Instead, some Ninth Circuit opinions suggest that the one-year filing deadline under the habeas statutes is an affirmative defense that can be waived if the government fails to plead the defense at its first opportunity.  See Nardi v. Stewart, 354 F. 3d 1134, 1140-41 (9th Cir. 2004). Given this precedent, the Court concludes that the one year time limit for habeas applications under 28 U.S.C. §2255 did not deprive this Court of jurisdiction of this matter.  Accordingly, there was no "manifest error" in the Court's previous ruling.  Additionally, Ms. Sun put the government and the

Court on notice in her original briefing that this case may be more properly construed as a 28 U.S.C. §2255 claim. (Def's. Mot. at 17, n. 2). Even so, the government conceded in its Response that coram nobis relief was the only relief available to Ms. Sun (Govt. Resp. at 7). The Government has given no reason as to why it could not have previously discovered that Ms. Sun was on supervised release and, as it now asserts, in the custody of the Bureau of Prisons. In light of these circumstances, the Court rules that the Motion for Reconsideration is DENIED.

The Court notes, however, that even if the Government is correct that Ms. Sun's petition for coram nobis is more correctly construed as a habeas claim, the Court also finds that Ms. Sun would have qualified for habeas relief because the government waived its affirmative defense to Ms. Sun's late-filed habeas petition, Ms. Sun's late-filed petition relates back to the letters she sent to this Court following her conviction, and the standards for finding ineffective assistance of counsel under the habeas statute are the same standards that the Court applied in the coram nobis inquiry. The Court sets forth the reasoning for these conclusions below.

**II.  Habeas Under 28 U.S.C. §2255 Versus the Writ of Coram Nobis**

When Ms. Sun was sentenced by this Court, the Court gave her credit for time served, plus five years of supervised release, which the government alleges started running on the day after Ms. Sun was sentenced and will not be complete until February 2008. In support of its argument, the United States cites 18 U.S.C. §3624(e), which states in part:

> [a] prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment . . .

Although, Ms. Sun is technically still imprisoned, the Government argues that she has been released from the custody of the Bureau of Prisons, making the habeas statute the appropriate remedy in this case. Ms. Sun argues that the standard instructions, which this Court gave to her at her sentencing regarding the necessity of reporting to probation in the event that she is deported and returns to this

country later, reflect an intent on the part of the Court to toll her supervised release while she is detained by immigration. Ms. Sun also makes some compelling policy arguments regarding the rehabilitative function of the supervised release period that support her assertion that the period of supervised release ought to be tolled during her immigration detention, which would make coram nobis the appropriate remedy. This is not an area where the law is well-settled.

The Eleventh Circuit has held that a district court lacks authority to toll an immigrant's supervised release period while that individual is out of the country. United States v. Okoko, 365 F. 3d 962, 964 (11th Cir. 2004). The Sixth Circuit, however, has held that district courts may toll an immigrant's supervised release period while that person is out of the country. United States v. Isong, 111 F. 3d 428, 430-31 (6th Cir. 1997). In light of this conflicting authority, it is unclear whether or not the Ninth Circuit would rule that this Court could toll Ms. Sun's supervised release while she is in immigration custody.

The only Ninth Circuit authority that the parties cited that is relevant to this inquiry held that a person cannot qualify for coram nobis relief while on supervised release because he is still "in custody" for the purposes of the habeas statutes. Matus-Leva v. United States, 287 F. 3d 758, 761 (9th Cir. 2002). To be cautious, the Court assumes, without deciding, that Ms. Sun's supervised release cannot be tolled while she is in immigration custody and will analyze Ms. Sun's claim under the habeas statute.

**III. Analysis of Ms. Sun's Case Under 28 U.S.C. §2255**

The Ninth Circuit recognizes equitable tolling for habeas cases, although no case in this Circuit has yet applied this doctrine to habeas cases arising under 28 U.S.C. §2255. See United States v. Schwartz, 274 F. 3d 1220, 1224 n. 4 (9th Cir. 2001) (noting that both the Sixth and Eleventh Circuits have applied equitable tolling to habeas claims under §2255). However, the doctrine has been applied to habeas claims under 28 U.S.C. §2254. E.g. Stillman v. LaMarque, 319 F. 3d 1199 (9th Cir. 2003). Normally, in order to qualify for equitable tolling, a petitioner must show that she acted

ORDER ON THE GOVERNMENT'S
MOTION FOR RECONSIDERATION– 5

1  diligently in pursuing the writ and that extraordinary circumstances beyond her control prevented an
2  earlier filing. Lott v. Mueller, 304 F. 3d 918, 924 (9th Cir. 2002).  Circumstances beyond a
3  petitioner's control may be official acts or omissions, acts or omissions of counsel, or the petitioner's
4  pro se status. Stillman, 319 F. 3d. at 1202-03 and n.6; Nardi, 354 F. 3d at 1140, n. 4. Because Ms.
5  Sun submitted letters to the Court soon after her sentencing that expressed confusion, an assertion
6  that her attorney had not provided adequate advice, and a belief that she should not be facing
7  deportation, the Court finds that Ms. Sun would qualify for equitable tolling of the habeas statute
8  based on these factors.
9     Finding that Ms. Sun's current habeas petition is an amended petition that relates back to her
10 letters of February 24, 2003, and April 20, 2003 to this Court, the Court also finds that the analysis of
11 the petition itself will reach the same result as the coram nobis inquiry.  Under 28 U.S.C. §2255,
12 convictions can be challenged on the basis of an involuntary or unknowing plea based on ineffective
13 assistance of counsel.  The same Strickland factors that we used in our analysis to evaluate attorney
14 conduct for coram nobis relief have been used in habeas cases, as well (See Dkt. Nos. 124 & 50).

15 **IV. The Government's Request for an Evidentiary Hearing, the Government's Reply, Ms.**
16 **Sun's Motion to Strike, and the Government's Response**

17     The Court DENIES the Government's request for an additional evidentiary hearing in this
18 matter.  This is something that could have been asked for earlier and will not be granted on this
19 Motion for Reconsideration.  Similarly, the Court will not consider the Reply filed by the Government
20 in support of its Motion for Reconsideration.  This Court did not call for a Reply from the
21 Government on this matter.  Moreover, under Local Criminal Rule 12(c)(11)(C), replies on motions
22 for reconsideration are due "not later than five court days after all responses have been served and
23 filed or the time for filing responses has expired, whichever is earlier." The deadline for Ms. Sun's
24 Response in this matter was February 24, 2006. (Dkt. No. 128).  The Government's Reply in this
25 matter was not filed until March 24, 2006–well-beyond the deadline set forth in the local rules.
26

Because the Government's Reply was untimely, the Court will not consider it.  Accordingly, Ms. Sun's Motion to Strike is GRANTED.

**III.  Conclusion**

The Court DENIES the Government's Motion for Reconsideration because it raised no new issues of law or evidentiary matters that could not have been discovered beforehand and because there was no manifest error on the part of the Court.  The Court also finds that it would have reached the same conclusion, had it applied the applicable habeas statute in this matter.  The Court DENIES the Government's untimely request for an evidentiary hearing in this matter and GRANTS Ms. Sun's Motion to Strike the Government's untimely Reply in support of its Motion for Reconsideration.

Dated: April 7, 2006.

Marsha J. Pechman
United States District Judge

ORDER ON THE GOVERNMENT'S
MOTION FOR RECONSIDERATION– 7